# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| AIDA YOLANDA C. V., | Case No. 26-cv-954 (LMP/DJF) |
| Petitioner, | |
| v. | **ORDER DENYING HABEAS PETITION AS MOOT** |
| PAMELA BONDI, *Attorney General, United States Department of Justice*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*, | |
| Respondents. | |

Daniel J. Nordin, **Gustafson Gluek PLLC, Minneapolis, MN**, for Petitioner.

David R. Hackworthy, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Aida Yolanda C. V. is a native and citizen of Ecuador who entered the United States in November 2022. ECF No. 1 ¶ 30. Aida Yolanda C. V. has remained law-abiding since entering the United States, and she lives with her husband and two children. *Id.* ¶¶ 32–33. She was arrested by immigration officers on January 6, 2026. *Id.* ¶¶ 34, 36. She was originally detained in Minnesota, but was soon transferred to a detention facility in Texas. *Id.* ¶ 14.

On February 2, 2026, after she was transferred to a detention facility in Texas, Aida Yolanda C. V. filed a petition for a writ of habeas corpus in this District. *Id.* She asserts

that Respondents (the "Government") have detained her pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* ¶ 58. Aida Yolanda C. V. contends that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* ¶ 57. She also contends that she is not subject to discretionary detention under 8 U.S.C. § 1226(a) because the Government has not issued her a warrant. *See id.* ¶¶ 68–69, 72. Aida Yolanda C. V. also raises a number of other issues that purportedly render her arrest and detention unlawful. *See id.* ¶¶ 65–67, 70–71. The Court ordered the Government to respond to the petition no later than February 5, 2026. ECF No. 3. The Government timely responded on February 5, 2026, asserting simply that the "petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided," and that for "purposes of expediting these proceedings," the Government asserts all arguments raised in those prior proceedings and requests the Court deny the petition. ECF No. 4.

What the Government *did not* say is that Aida Yolanda C. V. had been removed from the United States one day prior. ECF No. 5. Rather, Aida Yolanda C. V.'s counsel notified the Court of this fact on February 6, 2026. *Id.* Aida Yolanda C. V. argues that "[t]o the extent these proceedings are not mooted," she raises the same arguments that petitioners have raised to this Court in prior habeas petitions. *Id.*

Notwithstanding the Government's complete lack of candor to the Court, Aida Yolanda C. V.'s petition is indeed moot. "Article III restricts federal courts to the resolution of cases and controversies." *Davis v. FEC*, 554 U.S. 724, 732 (2008). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at 732–33 (citation omitted)

2

(internal quotation marks omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted) (internal quotation marks omitted).

Courts in this District have generally concluded that when the Government removes a noncitizen from the United States, a habeas petition challenging the noncitizen's detention becomes moot because the Court "can no longer grant effective relief" since the noncitizen "is no longer in custody." *Kaluba N. v. Immigr. & Customs Enf't*, No. 20-cv-1856 (NEB/ECW), 2020 WL 7632148, at *1 (D. Minn. Nov. 12, 2020) (quoting *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc)), *report and recommendation adopted*, 2020 WL 7624841 (D. Minn. Dec. 22, 2020); *see also Morley v. Trump*, No. 25-cv-1580 (KMM/JFD), 2025 WL 1757639, at *2 (D. Minn. June 25, 2025); *Ahmed v. Sessions*, No. 16-cv-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017), *report and recommendation adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017). Although exceptions to the mootness doctrine exist, *see Morley*, 2025 WL 1757639, at *1, Aida Yolanda C. V. does not assert that any of them apply. Nor does Aida Yolanda C. V. assert that the Government has violated any of this Court's orders. Accordingly, the Court must deny Aida Yolanda C. V.'s petition as moot. *See Ali*, 419 F.3d at 724 ("If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction.").

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that Aida Yolanda C. V.'s Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED as moot**. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: February 7, 2026            *s/Laura M. Provinzino*
                                    Laura M. Provinzino
                                    United States District Judge